UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2005 FEB 11 A 9:43

U.S. DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| OMNIPOINT HOLDINGS, INC.<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF LOWELL, THE CITY OF LOWELL ZONING BOARD OF APPEALS and ALAN KAZANJIAN, VENA NUON, DONNA MCMAHON, DAN SQUEGLIA and JACK FLYNN, in their capacities as members of the City of Lowell Zoning Board of Appeals<br><br>Defendants | 05 CV 10283 MLW<br><br>RECEIPT # 62058<br>AMOUNT $ 250.00<br>SUMMONS ISSUED 7<br>Civil Action No. LOCAL RULE 4.1 ✓<br>WAIVER FORM —<br>MCF ISSUED —<br>BY DPTY. CLK. m.P.<br>DATE 2/11/05<br><br>MAGISTRATE JUDGE JLA |

## COMPLAINT

### INTRODUCTION

This action arises out of the unlawful denial by the City of Lowell Zoning Board of Appeals ("Zoning Board") of an application, pursuant to the City of Lowell Zoning Ordinance ("Zoning Ordinance") by Omnipoint Holdings, Inc. ("Omnipoint") for a special permit to allow Omnipoint to install three panel antennas and appurtenant radio equipment within an existing church steeple, in which Omnipoint intended to replace existing wooden louvers with radio frequency permeable louvers, at the property known as and numbered 204 Liberty Street, Lowell, MA (the "Property"). The antennas, the accompanying radio equipment and the radio frequency permeable louvers would have no adverse aesthetic impact upon the area, as they would not be visible from outside the church building. This denial violates the Federal Telecommunications Act of 1996, 47 U.S.C. § 332. As a result, Omnipoint seeks an injunction

from this Court directing the Zoning Board to grant Omnipoint's application for a special permit and for an injunction and order of mandamus directing the Town, through its officers and agents, to issue a building permit with respect to the construction, installation and operation of the louvers and wireless communications facility.

## PARTIES

1. Plaintiff, Omnipoint, is a Delaware corporation with a principal place of business at 50 Vision Boulevard, East Providence, Rhode Island. Omnipoint is a leader in commercial wireless Personal Communication Services ("PCS") throughout the United States. Omnipoint successfully bid upon and received PCS wireless broadcast licenses from the Federal Communications Commission ("FCC") for several cities, including the greater Boston area.

2. Defendant, the City of Lowell, (the "City"), is a duly authorized municipality constituted and existing under the laws of the Commonwealth of Massachusetts.

3. Defendant, the Zoning Board, is a duly authorized unit of the City that has been delegated the authority, among other things, to grant special permits under the Zoning Ordinance. A true and accurate copy of the Ordinance is attached hereto as Exhibit A.

4. Defendants, Alan Kazanjian, Vesna Nuon, Donna McMahon, Dan Squeglia and Jack Flynn are each residents of the City and together serve as the Zoning Board that denied Omnipoint's application for the special permit at issue in this action.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction of this action under 28 U.S.C. § 1331, as this action arises under the laws of the United States, specifically § 332 of the Federal Telecommunications Act of 1996.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b), since the defendants each reside in this District, and the events and/or omissions giving rise to this action occurred in this District.

## FACTUAL BACKGROUND

### The Personal Communications Service Technology

7. Omnipoint is a communications venture committed to providing integrated wireless personal communications services by building a national wireless network using PCS technology. PCS technology is a new generation of wireless service that uses digital transmission to improve the services available to consumers.

8. Unlike cellular services using analog-based systems, PCS digital technology converts voice or data signals into a stream of digits to allow a single radio channel to carry multiple simultaneous signal transmissions. This allows Omnipoint to offer services often unavailable in analog-based systems, such as secured transmissions and enhanced voice, high-speed data, paging and imaging capabilities as well as voice mail, call forwarding and call waiting.

9. Mobile telephones using PCS technology operate by transmitting a radio signal to antennas mounted on a tower, pole, building, or other structure. The antenna feeds the signal to electronic devices housed in a small equipment cabinet, or base station. The base station is connected by microwave, fiber optic cable, or ordinary telephone wire to the Base Station Controller, subsequently routing the calls throughout the world.

10. Because the PCS system has a lower signal and a much higher frequency than traditional cellular technology, the range between the PCS mobile telephone and the antennas is limited.

11. In order to provide continuous service to a PCS telephone user, coverage must overlap in a grid pattern resembling a honeycomb. In the event that Omnipoint is unable to construct a cell site within a specific geographic area, Omnipoint will not be able to provide service to the consumers within that area.

12. Omnipoint's engineers use complex computer programs and extensive field testing to complete a propagation study, which shows where cell sites need to be located in order to provide service. The propagation study also takes into account the topography of the land, the coverage boundaries of neighboring cells and other factors. In order for the entire system to be operational, there must be properly placed cell sites installed and functioning so that seamless coverage can be realized, and only when the entire system is operational will a PCS telephone user have service and an uninterrupted conversation throughout a given territory. If there is no functioning cell site within a given area, there would be no PCS telephone service for customers within that area, and mobile customers who travel into the area will experience blocked calls, in which callers experience an abrupt and complete loss of signal.

13. Based upon Omnipoint's research and analysis as part of an extensive review of call traffic in the targeted area of Lowell, Omnipoint determined that, in order to fill a significant gap in the quality of its coverage, which would otherwise preclude its provision of seamless, uninterrupted coverage in the targeted portion of Lowell, Omnipoint needed to mount three panel antennas in the immediate vicinity of 204 Liberty Street, Lowell.

14. Omnipoint determined that the only viable alternative sites in the immediate vicinity of 204 Liberty Street, Lowell were not available for the construction of a wireless communications facility.

15. Accordingly, Omnipoint sought, through its design and its application, to install three panel antennas within the church steeple at Calvary Baptist Church located at 204 Liberty

Street, to replace the louvers within the steeple with louvers permeable by radio frequency waves, and to install appurtenant equipment within the church in a manner that neither alters the appearance of the church nor has any negative aesthetic impact upon the surrounding neighborhood.

## Federal Statutory Control Over PCS Siting

16. Section 704 of the Federal Telecommunications Act of 1996 (the "Act"), 47 U.S.C. § 332(c), governs federal, state and local government regulation of the siting of PCS facilities such as the one at issue here.

17. The Act provides that any person adversely affected by a state or local government's act, or failure to act, that is inconsistent with § 332(c)(7) of the Act may seek expedited review in the federal courts. 47 U.S.C. § 332(c)(7)(B)(v).

## The Request for A Special Permit by Omnipoint

18. Under Article 7.6.3 of the Zoning Ordinance, an applicant for a telecommunications facility must apply for special permit from the Zoning Board.

19. On or about December 9, 2004, Omnipoint submitted its application for a Special Permit to construct and operate a wireless telecommunications facility, as described above, within the existing church and steeple at Calvary Baptist Church at 204 Liberty Street, Lowell.

20. Under Article 7.6.5 of the Zoning Ordinance, the applicant must, before submitting its application to the Zoning Board, provide substantial evidence to the Planning Board that none of the existing structures or telecommunications towers within the City can accommodate the applicant's proposed antenna as a suitable site for the applicant to meet its coverage needs.

21. Omnipoint provided substantial evidence to the Planning Board that existing structures and telecommunications towers within the City of Lowell were not suitable to remedy

the gap in its coverage within the section of Lowell for which Omnipoint sought the special permit at issue in this case.

22. The Planning Board reviewed Omnipoint's evidence and, on January 7, 2005, recommended to the Zoning Board that Omnipoint's application for a special permit be approved "subject to meeting the standards of the telecommunications ordinance and addressing any concerns with interference and ensuring that the project will not negatively effect the quality of life in the neighborhood." A true and accurate copy of the Planning Board recommendation is attached hereto as Exhibit B.

23. Following its receipt of the Planning Board's recommendation, the Zoning Board held a single hearing on Omnipoint's application. At the hearing, Omnipoint presented evidence, which was not refuted, regarding the gap in its coverage and its corresponding need for the antennas it proposed to place within the church steeple. Additionally, Omnipoint presented evidence of the lack of alternative sites in the area that would allow it to provide seamless, uninterrupted service to its customers.

24. In addition, Omnipoint representatives presented evidence concerning the low impact of its design on the neighborhood in which the church is located from both an aesthetic standpoint and logistic standpoint.

25. The Zoning Board apprised Omnipoint's representatives that it had received a petition signed by eleven citizens of Lowell opposing issuance of the special permit.

26. At the hearing, a single member of the public, an abutter, voiced opposition to the special permit for which Omnipoint applied. She expressed concern about the "health effects" of the proposed facility. There was no other evidence presented against Omnipoint at the hearing.

27. On January 11, 2005, the Zoning Board voted unanimously to deny Omnipoint's request for a special permit, finding, without citing any evidence, "(2) a literal enforcement of the

Bylaw would be a substantial hardship to the owner, in that (3)There will be no substantial derogation from the intent and purpose of the Bylaw because Due to neighborhood opposition and petition signatures presented, the request is denied by unanimous vote of this Board."

There were no further findings or evidence in support of the Zoning Board's decision. A true and accurate copy of the Decision of the Zoning Board of Appeals is attached hereto as Exhibit C.

## COUNT I - Violation of the Telecommunications Act of 1996

28.  Omnipoint hereby realleges and incorporates by reference the allegations contained in paragraphs 1 through 27 above as if fully set forth herein.

29.  Article VI, Clause 2, of the United States Constitution, commonly known as the Supremacy Clause, provides, in relevant part, that "[t]his Constitution and the Laws of the United States which shall be made in Pursuance thereof... shall be the Supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."

30.  The Act governs the regulation of the placement, construction, and modification of personal wireless service facilities and, under the Supremacy Clause, preempts state laws and municipal ordinances or by-laws affecting such facilities to the extent that such laws, ordinances, and by-laws conflict with the Act.

31.  Omnipoint's application for a special permit constitutes a request to provide "personal wireless services" within the meaning of the Act, and, as such, is entitled to the protection of the Act.

32.  Pursuant to 47 U.S.C. § 332(c)(7)(B)(iv): "[n]o State or local government or instrumentality thereof may regulate the placement, construction, and modification of personal wireless service facilities on the basis of the environmental effects of radio frequency emissions

to the extent that such facilities comply with the Commission's regulations concerning such emissions."

33. Omnipoint's proposed cell Site complies with all state and FCC regulations concerning radio frequency emissions.

34. The Zoning Board's decision violated the Act's prohibition on state or local governments regulating the placement, construction and modification of personal wireless service facilities on the basis of the environmental effects of radio frequency emissions. 47 U.S.C. § 332(c)(7)(B)(iv). Further, it violated the federal prohibition on state or local governments regulating federal radio frequency interference. 47 U.S.C. § 151 et seq.

35. Pursuant to 47 U.S.C. § 332(c)(7)(B)(iii): "Any decision by a State of local government or instrumentality thereof to deny a request to place, construct or modify personal wireless service facilities shall be in writing and supported by substantial evidence contained in a written record."

36. Omnipoint has fulfilled all of the criteria required by the Zoning Ordinance in order to receive a special permit for a telecommunications facility.

37. Defendants have failed to meet their burden of producing substantial evidence supporting the Zoning Board's denial of Omnipoint's application for a special permit.

38. Consequently, the Zoning Board's decision violated the Act's prohibition on state or local governments denying the placement, construction and modification of personal wireless service facilities without substantial evidence and a written record. 47 U.S.C. § 332(c)(7)(B)(iii).

39. In light of the foregoing, the Zoning Board's action is in violation of, and preempted by, the Act and the Supremacy Clause, and should be set aside and enjoined by the Court on that basis.

40. Pursuant to 47 U.S.C. § 332(c)(7)(B), the "regulation of the placement, construction and modification of personal wireless service facilities by any State or local government or instrumentality thereof ...(II) shall not prohibit or have the effect of prohibiting the provision of personal wireless services".

41. Omnipoint has established that the denial of its request for a special permit to house three panel antennas within a steeple on the existing Calvary Baptist Church at 204 Liberty Street, Lowell, would result in a significant gap in its provision of wireless communication services to its customers and that there are no alternative sites within the affected area of Lowell on or from which it may otherwise fill its coverage gap.

42. Consequently, the Zoning Board's decision violated the Act's requirement that state or local governments not prohibit or effectively prohibit the provision of personal wireless services. 47 U.S.C. § 332(c)(7)(B)(II).

43. Accordingly, the Court should exercise its power to issue an order commanding the Zoning Board to grant the special permit for which Omnipoint applied.

**WHEREFORE,** Omnipoint respectfully requests the following relief as against the defendants:

1. An expedited review of the matters set forth in this Complaint;

2. An injunction mandating that the Zoning Board grant approval of Omnipoint's request for a special permit;

3. An injunction and order of mandamus directing the Town, through its officers and agents, to issue a building permit for the construction and installation of radio frequency permeable louvers on the existing steeple of the Calvary Baptist Church at 204 Liberty Street, Lowell, the three antennas to be housed within the steeple, and any appurtenant equipment necessary for construction, implementation and

operation of the wireless telecommunications facility proposed in Omnipoint's application;

4. A judgment that the defendants' actions violated the Act and are therefore void and invalid;

5. An award of Omnipoint's damages caused by defendants' violation of the Federal Telecommunications Act of 1996;

6. An award of Omnipoint's costs of suit herein, including reasonable attorneys' fees; and

7. Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

OMNIPOINT HOLDINGS, INC.

By its attorneys,

William A. Worth, Esq., BBO #544086
Craig M. Tateronis, Esq., BBO #553628
Prince, Lobel, Glovsky & Tye LLP
585 Commercial Street
Boston, MA 02109-1024
Tel: (617) 456-8000
Fax: (617) 456-8100

Date: February 11, 2005

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

FILED IN CLERKS OFFICE

**I. (a) PLAINTIFFS**

Omnipoint Holdings, Inc.

**DEFENDANTS** The City of Lowell, The City of Lowell Zoning Board of Appeals and Alan Kazanjian, Vena Nuon, Donna McMahon, Dan Sueglia and Jack Flynn

**(b)** County of Residence of First Listed Plaintiff   (Rhode Island)
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant   Middlesex
(IN U.S. PLAINTIFF CASES ONLY)

U.S. DISTRICT COURT DISTRICT OF MASS.

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)   (617) 456-8000
William A. Worth; Craig M. Tateronis
Prince, Lobel, Glovsky & Tye LLP
585 Commercial Street, Boston, MA 02109

Attorneys (If Known)   05-10283 MLW

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |  / ☐ 371 Truth in Lending |  |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | / ☐ 530 General |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  |  |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  | ☐ 950 Constitutionality of State Statutes |
|  | / ☐ 550 Civil Rights |  |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 555 Prison Condition |  |  |  |
|  | ☐ 440 Other Civil Rights |  |  |  |

**V. ORIGIN** (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
47 U.S.C. s. 332.

Brief description of cause: Unlawful denial from the Lowell Zoning Board of Appeals in violation of 47 USC s. 332 of plaintiff's application for a special permit.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____   DOCKET NUMBER _____

DATE   February 4, 2005   SIGNATURE OF ATTORNEY OF RECORD   _William A. Worth_

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

1. Title of case (name of first party on each side only)   Omnipoint Holdings, Inc. v. The City of Lowell

2005 FEB 11  A 9: 43

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

U.S. DISTRICT COURT
DISTRICT OF MASS.

- [ ] I. 160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.
- [X] II. 195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730, 740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.   *Also complete AO 120 or AO 121 for patent, trademark or copyright cases
- [ ] III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310, 315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371, 380, 385, 450, 891.
- [ ] IV. 220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660, 690, 810, 861-865, 870, 871, 875, 900.
- [ ] V. 150, 152, 153.

05 - 10283 MLW

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

_____

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES [ ]   NO [X]

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES [ ]   NO [X]

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES [ ]   NO [ ]

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES [ ]   NO [X]

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   YES [X]   NO [ ]

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division [X]   Central Division [ ]   Western Division [ ]

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division [ ]   Central Division [ ]   Western Division [ ]

8. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES [ ]   NO [ ]

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   William A. Worth, Esq.; Craig M. Tateronis, Esq.
ADDRESS   Prince, Lobel, Glovsky & Tye LLP, 585 Commercial Street, Boston, MA 02109
TELEPHONE NO.   (617) 456-8005

(Coversheetlocal.wpd - 10/17/02)