UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| OMNIPOINT HOLDINGS, INC.<br><br>　　　Plaintiff,<br><br>v.<br><br>THE CITY OF LOWELL, THE<br>CITY OF LOWELL ZONING<br>BOARD OF APPEALS and ALAN<br>KAZANJIAN, VESNA NUON, DONNA<br>MCMAHON, DAN SQUEGLIA and<br>JACK FLYNN, in their capacities as<br>members of the City of Lowell<br>Zoning Board of Appeals<br><br>　　　Defendants | Civil Action No. 05-102832-MLW |

## AGREEMENT FOR JUDGMENT

This Agreement for Judgment ("Agreement") is made this 25th day of April, 2005 by and among Omnipoint Holdings, Inc. ("Omnipoint"), the City of Lowell, the City of Lowell Zoning Board of Appeals (the "Board"), and Alan Kazanjian, Vesna Nuon, Donna McMahon, Dan Squelia and Jack Flynn as members of the Board (collectively, the "Defendants"). All of the above parties shall be collectively referred to herein as the "Parties."

WHEREAS, Omnipoint commenced a civil action entitled <u>Omnipoint Holdings, Inc. v. The City of Lowell, et al.</u>, Civil Action No. 05-102832-MLW in the United States District Court for the District of Massachusetts (the "Litigation") in which Omnipoint asserted claims against the Defendants arising out of the Defendants' denial of Omnipoint's application for a special permit to allow Omnipoint to install three panel antennas and appurtenant radio equipment within an existing church steeple, in which Omnipoint intended to replace existing wooden louvers with

radio frequency permeable louvers, (the wireless communications facility, hereinafter, "WCF") at the property known as and numbered 204 Liberty Street, Lowell, MA (the "Site");

WHEREAS, Omnipoint alleged in the Litigation that the Defendants violated the Federal Telecommunications Act of 1996, 47 U.S.C. § 332(c) which allegation the Defendants deny;

WHEREAS, the Parties wish to avoid further expense in connection with the Litigation and desire to settle and compromise all allegations made in the matters at issue in the Litigation;

WHEREAS, the Parties have agreed to settle the Litigation upon the terms contained herein;

WHEREAS, the Parties agree that the Litigation should be settled forthwith, that there is no just cause for delay, and that a remand of this matter to the Board would serve no useful purpose;

NOW THEREFORE, the Parties, through their counsel, stipulate and agree as follows:

1. Final Judgment shall enter in Omnipoint's favor on Count One of the Complaint in the form attached hereto, vacating the Board's decision, filed in the City Clerk's Office on January 13, 2005, denying Omnipoint's request to install three panel antennas and appurtenant radio equipment within an existing church steeple and granting Omnipoint's application for a special permit, which is necessary to allow the installation and operation of Omnipoint's WCF at the Site in accordance with Omnipoint's application and the plans and specifications as presented at the hearings before the Board.

2. The Parties further stipulate and agree that there is no just cause for delay in the issuance of the special permit pursuant to this Agreement for Judgment, that further meetings, hearings or decisions would serve no useful purpose, and that the zoning relief necessary to permit the installation and operation of Omnipoint's WCF shall be ordered by the Court consistent with Omnipoint's application, the plans and specifications Omnipoint presented to the

Board, and this Agreement for Judgment. Further, the Parties stipulate and agree that this Agreement for Judgment and the Judgment to be entered in this action pursuant to it shall operate as a grant of the requested special permit thereof without the necessity of further action on the part of either the Board or Omnipoint, subject to the conditions on Exhibit A., attached hereto.

3. This Agreement for Judgment fully and completely resolves all of Omnipoint's pending claims against the Defendants with respect to Omnipoint's proposed WCF at the Site, but shall have no effect on either party with respect to any future applications for zoning relief in other locations in Lowell or on any litigation which may arise out of any such future applications.

4. The Parties acknowledge and agree that they have entered into this Agreement on the advice of counsel, voluntarily, and not as a result of any promise or representation except as set forth expressly herein and in Omnipoint's application, plans and specifications, and not as a result of any duress or coercion by any person or entity.

5. Each party shall bear its own costs and attorneys' fees, and, by signature of the undersigned counsel, expressly waive such claims on behalf of the parties.

6. This Agreement has been deemed to be made and entered into in the Commonwealth of Massachusetts, and shall in all respects be interpreted, enforced and governed under federal law.

7. This Agreement and the Judgment filed herewith constitute the entire agreement of the Parties, and it is expressly agreed that this Agreement may not be altered, amended, modified or otherwise changed in any respect, except by a writing duly executed by all of the Parties.

8. This Agreement shall inure to the benefit of, and be binding upon, the Parties to this Agreement and each of their officers, directors, shareholders, trustees, beneficiaries, insurers, agents, employees, attorneys, predecessors, successors and assigns.

9.  This Agreement may be executed in counterparts, each of which shall be treated as an original.

| | |
|---|---|
| Respectfully submitted,<br>OMNIPOINT HOLDINGS, INC.<br>By its attorneys,<br><br>_/s/ William A. Worth_<br>William A. Worth, Esq.,<br>BBO #544086<br>Prince, Lobel, Glovsky & Tye LLP<br>585 Commercial Street<br>Boston, MA 02109-1024<br>Tel: (617) 456-8000<br>Fax: (617) 456-8100 | Respectfully submitted,<br>THE CITY OF LOWELL, et. al.<br>By their attorneys,<br><br>_/s/ Maria E. Sheehy_<br>Maria E. Sheehy, Esq.<br>BBO# 560102<br>Assistant City Solicitor<br>City of Lowell Law Department<br>375 Merrimack<br>Lowell, MA 01852<br>Tel: (978) 970-4050<br>Fax: (978) 453-1510 |

# EXHIBIT A

Omnipoint shall comply with the following conditions:

1. At all times Omnipoint shall comply with all applicable federal, state and local requirements with respect to the operation of the WCF, and shall comply with all FCC requirements with respect to non-interference with frequencies utilized by the City of Lowell.

2. Within sixty days of the WCF becoming operational, Omnipoint shall provide the Board with a report from a radio frequency engineer regarding the radio frequency emissions from the WCF.

3. In the event that at any time the radio frequency emissions from the WCF exceed FCC standards, Omnipoint shall immediately and in writing notify the Town and discontinue operations unless and until the emissions are reduced to FCC standards.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| OMNIPOINT HOLDINGS, INC. )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>THE CITY OF LOWELL, THE )<br>CITY OF LOWELL ZONING )<br>BOARD OF APPEALS and ALAN )<br>KAZANJIAN, VESNA NUON, DONNA )<br>MCMAHON, DAN SQUEGLIA and )<br>JACK FLYNN, in their capacities as )<br>members of the City of Lowell )<br>Zoning Board of Appeals )<br>)<br>    Defendants )<br>) | Civil Action No. 05-102832-MLW |

## **JUDGMENT AND ORDER**

Pursuant to Section 704 of the Telecommunications Act of 1996, codified at 47 U.S.C. § 332(c)(7) (the "TCA"), the parties' Agreement for Judgment filed with this Court, the documents and information submitted in this action, and based on applicable law, the Court finds and orders as follows:

1.  That Final Judgment hereby enters in favor of the Plaintiff Omnipoint Holdings, Inc. ("Omnipoint") on Count I of the Complaint, which asserts that the denial of Omnipoint's application for a special permit (the "Application") violates the TCA in that it is not supported by substantial evidence contained in a written record.

2.  That, under Count I of Omnipoint's Complaint, the decision of the defendant the City of Lowell's Zoning Board of Appeals (the "Board") on Omnipoint's Application, dated January 11, 2005 ("the "Decision") and filed with the Lowell City Clerk

on January 13, 2005 regarding Omnipoint's proposed wireless communications facility ("WCF") to be located at 204 Liberty Street, Lowell, MA (the "Site") shall be and hereby is (a) vacated to the extent it denied a request for a special permit for Omnipoint's WCF, and (b) amended and modified to grant a special permit for Omnipoint's WCF in accordance with the plans filed with the Board as part of Omnipoint's Application.

3. This Final Judgment shall operate as grant of the special permit. Further, pursuant to the parties' Agreement for Judgment, it is ordered that this Judgment and Order shall be entered forthwith and that the Defendants need take no further actions, conduct further meetings, hold hearings, or issue any further decisions.

4. Each party shall bear their own costs and fees.

So ordered:

_____, J.
United States District Court

Dated: _____, 2005